Leonel Morataya **MEJIA**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–74059.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Alejandro Garcia, Esq., City of Commerce, CA, for Petitioner.

David V. Bernal, Assistant Director, Sarah Maloney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Leonel Morataya Mejia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the IJ's denial of Mejia's asylum claim. *See id.* Mejia failed to establish past persecution because the threats from his ex-wife were not on account of a protected ground. *See id.* at 1051–52. Substantial evidence supports the IJ's finding that Mejia failed to establish a well-founded fear of future persecution because any problems he might encounter with his ex-wife's siblings would be personal retribution and not persecution, *see id.*, there is no objective evidence that Mejia will be targeted by his nephew's unknown kidnapers, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003), and there is no evidence that the unknown people who killed Mejia's father for unknown reasons have imputed any political opinion to Mejia, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Therefore, Mejia's asylum claim fails.

Because Mejia has not "specifically and distinctly argued and raised" in his opening brief any challenge to the denial of withholding of removal or CAT protection, he has waived these claims. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005) (citation and internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.